United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-60361
Summary Calendar

---

RAHIM MAKNOJIYA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 567 316
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Rahim Maknojiya petitions this court for review of the Board of Immigration Appeals' ("BIA") decision denying his appeal from a decision of the Immigration Judge ("IJ") that denied his motion to reopen proceedings and to rescind the order of removal that was entered against him in absentia.

Maknojiya argues here, as he did before the IJ and the BIA, that he did not receive notice of the hearing date and that the IJ's decision denying his motion to reopen was an abuse of discretion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews a denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005). An alien who does not attend a hearing after written notice has been provided to the alien or the alien's counsel of record shall be ordered removed in absentia if the INS establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable. 8 U.S.C. § 1229a(a)(5). However, an in absentia removal order may be rescinded upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice. 8 U.S.C. § 1229a(a)(5)(C)(ii); 8 U.S.C. § 1229(a)(1) and (2).

Maknojiya concedes that he and his counsel received notice that the hearing was set for March 11, 2003. The March 11, 2003, hearing notice is in the administrative record. However, the record also contains a hearing notice that reset the March 11, 2003, hearing for the earlier date of February 13, 2003. The February 13, 2003, hearing notice is dated after the March 11, 2003, hearing notice. Both hearing notices contain Maknojiya's attorney's name and address, and the notices indicate that they were sent through regular mail. Postal receipts are not included in the administrative record, nor is there a copy of an addressed envelope. Maknojiya asserts that neither he nor his attorney received the hearing notice that reset the March 11, 2003, hearing to February 13, 2003. Maknojiya asserts that when he appeared for

2

the hearing on March 11, 2003, he was advised that a removal order had been entered against him in absentia.  Although the IJ's decision had been forwarded to his counsel, Maknijoya states that his counsel was out of town and did not receive the IJ's decision. Both Maknijoya and his counsel submitted affidavits to the IJ with the motion to reopen that support Maknijoya's assertions. Maknijoya also argues, as he did before the BIA and the IJ, that he intended to apply for cancellation of removal based upon his years of residence in the United States and because his child, a United States citizen, has been diagnosed with leukemia and would suffer hardship if he is removed from the United States.

The IJ's decision denying Maknojiya's motion to reopen is premised upon a presumption that public officials, including Postal Service employees, properly discharge their duties.  The IJ relied upon Matter of Grijalva, 21 I & N Dec. 27 (BIA 1995), for this presumption.  As the respondent concedes, the IJ erroneously relied upon Grijalva for this presumption in Maknojiya's case, because the presumption of effective service set forth in Grijalva applies when the notice is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail.  Then, a strong presumption of effective service arises that may be overcome only by the affirmative defense of nondelivery or improper delivery by the Postal Service.  Grijalva, 21 I & N Dec. at 37-38.  It was an abuse of the IJ's discretion to apply the Grijalva presumption to

3

Maknojiya's case, where notice of the hearing was sent by regular mail.  See Ghounem v. Ashcroft, 378 F.3d 740, 744-45 (8th Cir. 2004)); Salta v. INS, 314 F.3d 1076, 1078-80 (9th Cir. 2002).

Additionally, the IJ's disregard of the affidavits of Maknojiya and his counsel appears to be premised on Grijalva, which required "substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could receive mail."  Grijalva, 21 I & N Dec. at 37-38.  While the IJ characterized the affidavits as self-serving, he did not find an evidentiary flaw in the affidavits.  As noted in Ghounem, in the case of failed mail delivery when regular mail is used, the "only proof" is the alien's statement that he or she did not receive notice.  Ghounem, 378 F.3d at 744.  Here, Maknojiya and his counsel both submitted affidavits indicating that they did not receive the notice that reset the hearing date for an earlier date.  Although Maknojiya did not initiate the removal proceedings, as did the aliens in both Ghounem, 378 F.3d at 745 and Salta, 314 F.3d at 1079, the record does not indicate that Maknojiya was attempting to avoid the immigration proceedings. Finally, the IJ's decision is premised entirely on Grijalva. Although the IJ noted that Maknojiya had not alleged misconduct on the part of counsel, Maknojiya did not assert that his counsel was ineffective or that counsel did anything wrong.  Rather, Maknojiya

4

and his counsel claimed that they did not receive the notice resetting the March 11, 2003, hearing for the earlier hearing date.

Based on the foregoing, the petition for review is GRANTED and the case is REMANDED to the BIA.

PETITION FOR REVIEW GRANTED; CASE REMANDED TO THE BIA FOR FURTHER CONSIDERATION.