

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2007

# Santiago v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2148

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Santiago v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1625.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1625

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2148

MARTHA SANTIAGO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                        Respondent

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A73-484-743
(U.S. Immigration Judge: Honorable Annie S. Garcy)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 11, 2007

Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed February 14, 2007)

OPINION OF THE COURT

PER CURIAM.

        Martha Santiago petitions for review of an order of the Board of Immigration

Appeals ("BIA") denying her motion to reopen her removal proceedings following the

Immigration Judge's ("IJ") order of removal, entered in absentia when Santiago failed to

appear at a scheduled removal hearing. For the following reasons, we will grant the petition for review, vacate the November 4, 2004 decision of the BIA, and remand for further proceedings.

I.

Santiago, a native and citizen of Colombia, entered the United States without inspection in February 1988, and later adjusted her status to conditional permanent resident based on her marriage to Carlos Santiago, a United States citizen. At a January 2000 interview with an immigration officer, Carlos Santiago withdrew the petition to remove the condition of Martha Santiago's status, claiming that he only married her so she could obtain an immigration benefit.

Removal proceedings were commenced in September 2000 on the ground that Santiago was removable under Immigration and Nationality Act ("INA") § 237(a)(1)(D)(i) [8 U.S.C. § 1227(a)(1)(D)(i)], as an alien whose conditional permanent resident status had been terminated. The Notice to Appear was mailed to Santiago at an address on Randolph Road in Plainfield, New Jersey, which both she and Carlos had provided during their January 2000 interviews. Thereafter, several notices of changed hearing dates were mailed to the same address. The matter was eventually heard on January 24, 2001. Santiago failed to appear at that hearing, and the IJ ordered her removed in absentia. The IJ emphasized that notice of the hearing dates was sent to Santiago at the Randolph Road address which was listed on her petition to remove the conditions of her residence and on documents (e.g., a driver's license and a letter to her

2

from the Internal Revenue Service) that were submitted in connection with that petition. According to the IJ, none of the notices were returned to the Immigration Court by the Postal Service.

More than three years later, in March 2004, Santiago moved to reopen the removal proceedings. She argued that the IJ should rescind the in absentia removal order because she never received notice of the hearings and suggested that she was forced to move from the Randolph Road address because of Carlos's abuse. The IJ rejected Santiago's claim because she "present[ed] no evidence of any other address that she might have had at the time" the notices were mailed. Santiago appealed to the BIA, which adopted and affirmed the IJ's decision on November 4, 2004. The Board observed that hearing notices were sent to Santiago's last known address and were not returned, that Santiago failed to provide a date for her alleged change of address, that there was no indication that Santiago was represented in the removal proceedings, and that, in any event, she had not followed the procedure outlined in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), for establishing ineffective assistance of counsel.

On November 22, 2004, Santiago challenged the in absentia removal order in a 28 U.S.C. § 2241 petition filed in the United States District Court for the District of New Jersey. Before taking any substantive action on the § 2241 petition, the District Court transferred it to this Court for treatment as a petition for review pursuant to the REAL ID Act of 2005.

II.

3

The denial of a motion to reopen is reviewed for abuse of discretion. See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). Abuse of discretion occurs when an agency provides no "rational explanation" for its decision, "inexplicably departs from established policies," or when its decision is "devoid of any reasoning" or contains only "summary or conclusory statements." Zhao v. Reno, 265 F.3d 83, 93 (2d Cir. 2001). Due process requires that an alien be provided with notice of proceedings and a fair opportunity to be heard. See United States v. Torres, 383 F.3d 92, 104 (3d Cir. 2004).

Under the INA, when an alien does not attend a removal proceeding after written notice has been provided to the alien or the alien's counsel of record, the IJ must order the alien removed in absentia "if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." INA § 240(b)(5)(A) [8 U.S.C. § 1229a(b)(5)(A)]. Such an order may be rescinded, however, if the alien moves to reopen at any time and demonstrates that she did not receive notice of the proceeding "in accordance with paragraph (1) or (2) of section 239(a) [8 U.S.C. § 1229(a)]."[1] See INA § 240(b)(5)(C)(ii) [8 U.S.C.

_____

[1] The proceedings may also be reopened at any time if the alien demonstrates that she was in custody and that the failure to appear was through no fault of her own. See INA § 240(b)(5)(C)(ii). Moreover, an in absentia removal order may be rescinded if the alien moves to reopen within 180 days and establishes that her failure to appear was because of exceptional circumstances. See § 240(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii). These provisions do not afford Santiago any relief, however, because she was not in custody and because she filed her motion to reopen in March 2004, over three years after being order removed. We have held that the 180-day period is subject to equitable tolling. See Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005); Mahmood v. Gonzales, 427 F.3d

(continued...)

4

§ 1229a(b)(5)(C)(ii)]. Paragraphs (1) and (2) of § 239(a) require that notice of the proceedings, including a change in the time or place of the proceedings, be given in person to the alien "(or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." Service by mail is considered sufficient if the alien actually receives the Notice to Appear, see Khan v. Ashcroft, 374 F.3d 825, 828-29 (9th Cir. 2004), or "if there is proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F)." INA § 239(c) [8 U.S.C. § 1229(c). Subsection (a)(1)(F), in turn, specifies that the Notice to Appear must apprise the alien that he or she has to provide the Attorney General with "a written record of an address and telephone number (if any) at which the alien may be contacted respecting [removal] proceedings." INA § 239(a)(1)(F)(i) [8 U.S.C. § 1229(a)(1)(F)(i)]. That section also provides that the Notice to Appear must inform the alien of the in absentia consequences of failing to comply with the address requirements. See INA § 239(a)(1)(F)(iii) [8 U.S.C. § 1229(a)(1)(F)(iii)].

---

[1](...continued)
248, 251-52 (3d Cir. 2005). The record here contains a "Petition to Remove the Conditions on Residence," dated June 28, 2003, in which Santiago checked a box acknowledging that she is in removal proceedings and noting the details of those proceedings: "N.J. (2001) not served timely." This strongly suggests that she knew that she had been ordered removed in absentia at least as early as June 2003. Thus, even if equitable tolling was warranted for the period up until June 28, 2003, Santiago nevertheless waited over 180 days to file her motion to reopen and she has not pointed to any circumstances warranting tolling during that period.

The BIA examined this statutory scheme in In re G-Y-R-, 23 I. & N. Dec. 181, 185 (BIA 2001). In that case, the Board recognized that "the critical question for in absentia cases involving mailed notice is whether the notice is mailed to an address that qualifies as an 'address provided under section 239(a)(1)(F).' If an address does not, then the Immigration Judge may not enter an in absentia order of removal because the statutory notice requirement has not been satisfied." In re G-Y-R-, 23 I. & N. Dec. at 185; see also INA § 240(b)(5)(A) [8 U.S.C. § 1229a(b)(5)(A)] (providing that "written notice by the Attorney General shall be considered sufficient for purposes [of in absentia removal] if provided at the most recent address provided under section 239(a)(1)(F) [8 U.S.C. § 1229(a)(1)(F)]."). Significantly, the BIA concluded that the alien cannot provide a "section 239(a)(1)(F) address" unless the alien has been "informed of the particular statutory address obligations associated with removal proceedings and of the consequences of failing to provide a current address," which are "first communicated in the Notice to Appear." In re G-Y-R-, 23 I. & N. Dec. at 187. Therefore, if it is known "that the alien did not receive the Notice to Appear and the notice of hearing it contains . . . the entry of an in absentia order is precluded." Id. at 190. If, however, "the alien actually receives or can be charged with receiving that mailed notice, then . . . in absentia proceedings are thereafter authorized." Id. at 189-90.

III.

The hearing notices in this case were mailed to an address that was provided before Santiago was placed in removal proceedings. However, in support of her motion to

6

reopen, Santiago submitted an affidavit attesting that she did not receive the Notice to Appear or any of the subsequent hearing notices. She contends that her husband prevented the notices from reaching her. See INA § 240(c)(6)(B) [8 U.S.C. § 1229a(c)(6)(B)] (providing that a motion to reopen sought pursuant to § 240(b)(5)(C) "shall state the new facts that will be proven at the hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."); see also 8 C.F.R. § 1003.2(c)(1). She also provided a report from her psychotherapist and affidavits from acquaintances, all of which document instances of physical and mental abuse by Carlos.

Notwithstanding this evidence, the IJ stated that Santiago's "claim that she never received notice is not credible" because the hearing notices sent to her last known address were not returned and because she did not present evidence of her alleged change of address. Importantly, however, no determination was made concerning whether the address to which the notices was sent qualified as a "§ 239(a)(1)(F) address" and, relatedly, whether Santiago's affidavit sufficed to demonstrate that she did not receive notice, see Maknojiya v. Gonzales, 432 F.3d 588, 590 (5th Cir. 2005), or whether Santiago can properly be charged with constructive receipt of the notices. Without expressing any opinion on this last question, we note that Santiago's suggestion that Carlos's actions prevented her from receiving the notices is arguably more significant than a situation where the "Notice to Appear reaches the correct address but does not reach the alien through some failure in the internal workings of the household." In re G-Y-R-, 23 I. & N. Dec. at 189.

Under these circumstances, we conclude that the BIA's failure to address the issues described above was an abuse of discretion. See Zhao v. United States Dep't of Justice, 265 F.3d 83, 97 (2d Cir. 2001) (finding abuse of discretion where BIA failed to consider all the factors relevant to alien's claim); Cruz v. Attorney General, 452 F.3d 240, 248-49 (3d Cir. 2006) (holding that Court cannot meaningfully review the IJ and BIA's decisions when they fail to address key issues). Accordingly, we will grant the petition for review, vacate the BIA's November 4, 2004 decision, and remand for further proceedings (including any necessary factfinding) consistent with this opinion.