# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60594
Summary Calendar

WUILLAN GONZALEZ-CARRION,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 554 160

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Wuillan Gonzalez-Carrion (Gonzalez), a native and citizen of Ecuador, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his in absentia removal proceeding. Gonzalez alleges that the Texas attorney who attempted unsuccessfully to notify him of his removal hearing had not been retained to represent him at the removal hearing, but only to represent him at a preliminary proceeding. He contends that the BIA incorrectly determined in *Matter of Velasquez*, 19 I&N Dec. 377,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

384 (BIA 1986), that an alien is not entitled to partial representation in a removal proceeding and that he cannot be faulted for failing to provide the Texas attorney with a current address. We need not consider Gonzalez's contentions regarding *Velasquez* and the status of the Texas attorney.

Gonzalez alleges for the first time in his petition for review that he did not provide immigration authorities with the incorrect address to which the Texas attorney attempted to send notice. We lack jurisdiction to consider that allegation. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). The immigration judge's finding that Gonzalez failed to provide the authorities with a current address is supported by substantial evidence in the record. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). The immigration judge's determination that Gonzalez's failure to provide a current address precluded him from receiving notice of his removal hearing, which was adopted by the BIA, is correct. An alien who has failed to provide his current address is not entitled to written notice before he is ordered removed in absentia. *See* 8 U.S.C. §§ 1229a(b)(5)(B); 1229(a)(2)(B). Because Gonzalez did not provide a current address, he was not entitled to notice at all, whether directly or through counsel. The denial of Gonzalez's motion to reopen was not an abuse of discretion. *See Maknojiya v. Gonzales*, 432 F.3d 588, 588-89 (5th Cir. 2005).

**PETITION DENIED**.