# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-60592
Summary Calendar

JOSE ISAAC CHAVEZ, also known as Edmundo Isaac Samayoa-Chavez

Petitioner

v.

ERIC H HOLDER, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 531 324

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Isaac Chavez petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal from the immigration judge's (IJ) denial of his motion to reopen and to rescind the in absentia order of removal. Chavez argues that because he did not receive the required statutory notice of the hearing date, the BIA's decision denying his motion to reopen was an abuse of discretion. We disagree and DENY the petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In reviewing the denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). Accordingly, this court must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach. *See Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

While questions of law are reviewed de novo, this court accords deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). The BIA's factual findings are reviewed under the substantial-evidence test, meaning that this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). This court reviews the order of the BIA and will consider the underlying decision of the IJ only if it influenced the determination of the BIA. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).

Under 8 U.S.C. § 1229a(b)(5)(A), an alien who does not attend a hearing after written notice has been provided to the alien or the alien's counsel of record shall be ordered removed in absentia if the Government establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable. The notice requirement for obtaining a removal order is satisfied if proper notice is provided at the most recent mailing address provided by the alien, but the Government need not establish that written notice was provided in order to obtain an in absentia removal order if the alien has failed to provide a current mailing address. 8 U.S.C. § 1229a(b)(5)(A)–(B). Pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii), an in absentia removal order may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of

section 1229(a) of this title." 8 U.S.C. §§ 1229a(b)(5)(C)(ii), 1229(a)(1)–(2); *see also Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005).

The Notice to Appear (NTA) warned Chavez, in a section captioned, "Failure to appear," that he was required to provide the Immigration and Naturalization Service (now the Department of Homeland Security) with his mailing address, as notices of hearing would be mailed to the address provided. Chavez failed to do so. Accordingly, Chavez cannot now claim of the lack of notice. *See* 8 U.S.C. § 1229a(b)(5)(B). Thus, the BIA did not err in denying Chavez's motion to reopen. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 360-61 (5th Cir. 2009).

We also reject Chavez's argument that he was not properly advised, in his native language of Spanish, of his duty to provide the immigration court with an address. Section 1229(a)(1) does not explicitly require that the NTA be in any language other than English.

To the extent that Chavez complains that the denial of the motion to reopen violates his due process rights, the claim fails because motions to reopen are discretionary, and the denial of discretionary relief does not give rise to a constitutional violation even if the movant establishes prima facie eligibility for the relief. *See Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004). Chavez's motion for stay of removal is DENIED.