**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2009

No. 08-61072
Summary Calendar

Charles R. Fulbruge III
Clerk

SANG HUI JEON

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 943 276

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Sang Hui Jeon ("Jeon") petitions for review of a Board of Immigration Appeals ("BIA") order that dismissed her appeal from the denial of a motion to reopen 1990 deportation proceedings in which a deportation order was entered against her *in absentia*. Jeon seeks to reopen the proceedings based upon a lack of notice of her deportation hearing and her eligibility for adjustment of status,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as she is the beneficiary of an I-130 relative visa petition filed by her United States citizen husband.

We conclude that the BIA did not abuse its discretion in denying Jeon's motion to reopen based upon lack of notice. The petition for review on this ground is denied. Further, Jeon's motion to reopen based upon eligibility for adjustment of status was untimely. Because this court lacks jurisdiction to review the BIA's refusal to *sua sponte* reopen Jeon's deportation proceedings, we dismiss the remaining portion of the appeal.

## I. Background

Jeon is a native and citizen of South Korea. On October 20, 1990, Immigration and Naturalization Service ("INS") agents arrested Jeon at the El Paso International Airport because she entered the United States without inspection. Jeon was personally served with an "Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien" ("OSC") ordering Jeon to appear for a hearing before an immigration judge "at a time and date to be set later." The OSC listed the address Jeon provided–that of a relative in New Jersey–and advised Jeon that "[f]ailure to attend the hearing at the time and place designated hereon may result in a determination being made by the Immigration Judge in your absence." Jeon was thereafter released on her own recognizance.

On November 13, 1990, the Office of the Immigration Judge sent a Notice of Master Calendar Hearing ("notice") via ordinary mail to Jeon at the New Jersey address she provided. Jeon did not appear at the hearing and a deportation order was entered against her *in absentia*. On December 5, 1990, the Office of the immigration judge also sent a copy of the deportation order via ordinary mail to Jeon at the New Jersey address. The record indicates that INS

2

correspondence sent to the New Jersey address via certified mail on January 31, 1991 was returned undeliverable.

Jeon alleges that she first learned of the deportation order almost eight years later, on March 12, 1998, when she and her husband attended an interview concerning her application for adjustment of status. On August 13, 2007, after nine more years lapsed, Jeon filed a motion to reopen her deportation proceedings with the immigration judge. Jeon claims that she remained at the New Jersey address with her relatives for only one week after her release in El Paso, thereafter moved to New York, and thus never received notice of her deportation hearing or the deportation order.

## II. Standard of Review

Motions to reopen immigration proceedings are disfavored. *INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724 (1992). Accordingly, this court reviews the BIA's denial of a motion to reopen for an abuse of discretion. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Under this "highly deferential" standard, we will affirm the BIA's decision unless it is "'capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach.'" *Id.* at 304 (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993)).

## III. Discussion

### A. Lack of Notice

Because Jeon's hearing notice was served before June 13, 1992, 8 U.S.C. § 1252 provides the applicable administrative procedures. Section 1252(b) provides that a deportation hearing may be conducted *in absentia* if an "alien has been given a reasonable opportunity to be present" and "without reasonable

cause fails or refuses to attend . . . ." Section 1252(b)(1) requires that "the alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held."

Jeon argues that the BIA applied a presumption of receipt that does not arise when, as here, notice is sent by ordinary mail. Per *Matter of Grijalva*, 21 I&N Dec. 27 (BIA 1995), "a strong presumption of effective service arises" when notice of a deportation hearing is sent by certified mail and can only be rebutted by "substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence." *Id.* at 37–38. Jeon asserts that the BIA held her to the *Grijalva* standard rather than the lesser requirement of *Maknojiya v. Gonzales*, 432 F.3d 588 (5th Cir. 2005), in which this court held that the alien's affidavit of non-receipt is sufficient to demonstrate lack of notice when regular mail is used because "the 'only proof' is the alien's statement that he or she did not receive notice." *Maknojiya*, 432 F.3d at 590 (citing *Ghounem v. Ashcroft*, 378 F.3d 740, 744 (8th Cir. 2004)). *See also Kozak v. Gonzales*, 502 F.3d 34, 37 (1st Cir. 2007); *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002).

This argument is to no avail, as the record reveals that Jeon has failed to meet even the lower standard of proof established by *Maknojiya*. Nowhere in Jeon's affidavit does she state that she did not receive the notice of hearing. *Cf. Maknojiya*, 432 F.3d at 590 ("both Maknojiya and his counsel submitted affidavits indicating that they did not receive the notice"); *Salta*, 314 F.3d at 1079 ("a sworn affidavit from Salta that neither she nor a responsible party residing at her address received the notice should ordinarily be sufficient");

*Ghounem*, 378 F.3d at 745 (finding the *Salta* rule "sound"). Instead, Jeon's assertion of non-receipt is advanced only through the statements of counsel, which are not evidence. *INS v. Phinpathya*, 464 U.S. 183, 188 n.6, 104 S. Ct. 584 (1984). Accordingly, Jeon has not established "reasonable cause" for her failure to attend the deportation hearing and the BIA did not abuse its discretion when it denied Jeon's motion to reopen based upon her alleged lack of notice.[1]

B. *Adjustment of Status*

Jeon next argues that the BIA erred when it dismissed as untimely her motion to reopen based upon eligibility for adjustment of status.[2] Applying the regulations found at 8 C.F.R. § 1003.23(b)(1), which state that "[a] motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later," the BIA found that Jeon's August 13, 2007, motion was not timely filed by September 30, 1996. Jeon argues that the September 30, 1996, deadline was impossible to meet because her husband did not file the I-130 immigrant relative petition making her eligible to adjust status under 8 U.S.C.

---

[1] Because Jeon has not established that she did not actually receive notice of her deportation hearing, we need not address Jeon's arguments that the method of notice was not "reasonably calculated" to apprise her of the hearing and thus violated due process as defined in *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652 (1950).

[2] Regarding her motion to reopen based upon lack of notice, Jeon also claims that the BIA erred in penalizing her for waiting seventeen years after her deportation order, nine of which lapsed after she admittedly became aware of the order, to move for reopening. While Jeon is correct that 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2) allows motions to reopen to be filed at any time if due to non-receipt of notice, the BIA clearly acknowledged that Jeon's motion to reopen based due to lack of notice was timely. Contrary to Jeon's arguments, the BIA did not create a time limitation by enacting a diligence requirement; rather, the BIA merely emphasized Jeon's lack of diligence in explaining why her case did not warrant *sua sponte* reopening.

§ 1255(i) until May 1997. The finding of untimeliness is clearly correct. Thus Jeon urges equitable tolling when she contends that her deportation proceeding should be reopened because her opportunity to adjust status arose after the filing deadline. This court has held, however, that a request for equitable tolling is essentially an argument that the BIA should have exercised its discretion to reopen *sua sponte* pursuant to 8 C.F.R. § 1003.2(a). We lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority because no meaningful legal standard exists by which to judge such discretionary decisions. *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008) (citing *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004)). Accordingly, this part of Jeon's appeal must be dismissed.

## IV.  Conclusion

For the foregoing reasons, Jeon's petition for review is DENIED in part and DISMISSED in part.