# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2010

No. 09-60920
Summary Calendar

Lyle W. Cayce
Clerk

MARIA GOMEZ-DIAZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 133 898

Before KING, BENAVIDES and ELROD, Circuit Judges.

PER CURIAM:[*]

Maria Gomez-Diaz, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying her motion to reopen her in absentia removal proceeding. Her central argument is that an in absentia order was improper because she did not receive notice of the hearing and she did not have an address required by § 239(a)(1)(F)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a)(1)(F)(i), to provide to authorities.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The BIA's finding that Gomez-Diaz failed to provide authorities with a current mailing address is supported by substantial evidence in the record. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). The Board's determination that her failure to provide a current address precluded her from receiving notice of her removal hearing is correct. *See* § 1229(a); *Gomez-Palacios*, 560 F.3d 354, 359 (5th Cir. 2009). Likewise, her failure to provide an address precludes her from obtaining rescission of the in absentia order of removal. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); *Gomez-Palacios*, 560 F.3d at 360-61.

Gomez-Diaz's remaining arguments, creative though unsupported by controlling authority, do not overcome the highly deferential abuse of discretion standard of review. *See Maknojiya v. Gonzales*, 432 F.3d 588, 588-89 (5th Cir. 2005). The petition for review is DENIED.