# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 22, 2010

No. 09-60960
Summary Calendar

Lyle W. Cayce
Clerk

LUI LI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 556 824

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lui Li, who a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) order denying her motion to reopen removal proceedings. This court reviews the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005) (internal quotation marks and citation omitted). Factual findings are reviewed "under the substantial-evidence test, meaning that this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court may not overturn the IJ's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Li was ordered removed in absentia when she failed to appear for a hearing in April 2005.  In August 2008, Li sought to reopen the removal proceedings on the grounds that she had not received notice of the hearing date and time.  Thus, she has missed the 180-day deadline for filing a motion to reopen based upon "extraordinary circumstances," but her application based upon "non-receipt of notice" is timely.  She acknowledges that she had not provided a mailing address to authorities, but Li argues that it was due to her circumstances rather than neglect on her part.

In her appeal to this court, Li raises arguments that the Notice to Appear that she received was flawed and legally insufficient and that the IJ should have applied a "reasonable cause" standard in ruling on her motion to reopen the removal proceedings conducted in absentia.  Li did not raise these claims before the BIA.  Therefore, these claims are unexhausted, this court lacks jurisdiction to review them, and they must be dismissed.  *See Townsend v. INS*, 799 F.2d 179, 181 (5th Cir.1986).

The IJ's finding that Li failed to provide authorities with a current mailing address after receiving a Notice to Appear explaining the address requirements and being orally notified in Chinese of the consequences of failing to appear is supported by substantial evidence in the record.  *See Gomez-Palacios*, 560 F.3d at 358.  An alien is required to provide the Attorney General, in writing, an address and phone number where she can be contacted respecting the removal proceedings.  8 U.S.C. § 1229(a)(1)(F).  Li's failure to provide a current address precludes her from obtaining rescission of the in absentia order of removal.  *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); *Gomez-Palacios*, 560 F.3d at 360-61.  Li did not show that the BIA abused its discretion in affirming the IJ's  denial of the

No. 09-60960

motion to reopen the removal proceedings. *See Maknojiya,* 432 F.3d at 589. The petition for review is DISMISSED in part and DENIED as to the remainder.