# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2011

No. 10-60704
Summary Calendar

Lyle W. Cayce
Clerk

FRIDAY EMIKO OYIBO ITIE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A-028-554-634

Before GARWOOD, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Friday Emiko Oyibo Itie is a native and citizen of Nigeria. Itie petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) decision denying his May 2008 motion to reopen his 1994 deportation proceedings. This court reviews the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

For the first time before this court, Itie argues that Winston Udeh was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not his "counsel of record" during the 1994 deportation proceedings. He asserts "that the attorney-client relationship between Mr. Udeh and [himself] ended when the rescission matter was referred to the Immigration Court." As such, Itie contends that he cannot be charged with notice of the deportation proceedings based on the service of the order to show cause (OSC) to Winston Udeh. Because Itie failed to exhaust his administrative remedies as to this particular argument, this court lacks jurisdiction to consider it. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

In a footnote, Itie contends that the BIA did not address his argument "that even if Udeh were his 'counsel' for notice purposes, the OSC never identified the article number for the certified mail receipt." He asserts that "[t]he mere fact that [his] certified mail receipt number was sequential to the one DHS produced as having been served on Udeh does not dispositively show that Udeh received an OSC because the number was not referenced on the OSC." Itie's argument is not supported by the record.

The BIA did address the argument, finding that the documents in the record supported the IJ's finding that Itie's counsel was served with a copy of the OSC. The BIA further found the record supported the IJ's finding that several notices of the deportation hearing were mailed by certified mail to Itie's last known address and that this "create[d] a strong presumption of effective delivery." The BIA's determination that Itie failed to overcome this presumption of delivery is supported by substantial evidence. *See Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005). As such, the BIA did not abuse its discretion in denying Itie's motion to reopen. *See Gomez-Palacios,* 560 F.3d at 358. Itie's petition is therefore DENIED in part and DISMISSED in part.