**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 22, 2011

Lyle W. Cayce
Clerk

No. 10-60898
Summary Calendar

JUAN ELVIS BARROS-BARRIENTOS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A029 299 306

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Elvis Barros-Barrientos, a native and citizen of Peru, petitions for review of a final order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ's) denial of his motion to reopen his 1993 deportation proceedings. After notice was sent to the address provided by Barros-Barrientos by certified mail, Barros-Barrientos failed to appear for his hearing in April 1993 and was ordered deported in absentia. Before the BIA and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60898

the IJ, Barros-Barrientos sought reopening of his deportation proceedings on the basis that he did not receive notice of the hearing.

The record reflects that the hearing notice was mailed to Barros-Barrientos via certified mail and was returned as "unclaimed" after three attempts were made at delivery. Thus, there is a strong presumption of effective service that may only be overcome by the affirmative defense of nondelivery or improper delivery by the Postal Service. *See Matter of Grijalva*, 21 I&N Dec. 27, 37 (BIA 1995); *Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005). As the BIA properly applied this legal standard in its analysis, Barros-Barrientos has failed to show a legal error in the BIA's decision. *See Gomez-Palacios v. Holder,* 560 F.3d 354, 358 (5th Cir. 2009). Furthermore, substantial evidence supports the BIA's finding that Barros-Barreintos's self-serving affidavit failed to rebut the presumption of effective service. *See Grijalva*, 21 I&N Dec. at 37; *Chun v INS*, 40 F.3d 76, 78 (5th Cir. 1994). Accordingly, the BIA did not abuse its discretion in denying Barros-Barrientos's motion to reopen. *See Gomez-Palacios*, 560 F.3d at 358.

Barros-Barrientos also argues that the BIA abused its discretion by not reopening the deportation proceedings sua sponte. This court lacks jurisdiction, however, to review the BIA's decision not to reopen Barros-Barrientos's deportation proceedings sua sponte. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004); *Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010). Accordingly, Barros-Barrientos's petition for review is DENIED.