# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2012

Lyle W. Cayce
Clerk

No. 11-60687
Summary Calendar

JOSE ADOLFO PEREZ-PEREZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A029 957 081

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Adolfo Perez-Perez petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) order denying a motion to reopen. We DENY the petition.

The IJ originally entered an in absentia order for Perez-Perez's deportation to Ecuador after Perez-Perez failed to appear at a hearing on August 28, 1989. Prior to that hearing, two notices were sent via regular mail to a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60687

Chicago address provided by Perez-Perez but both notices were returned as undeliverable. After the hearing, the IJ's order of deportation was also mailed to the Chicago address, but it too was returned by the Post Office as undeliverable. Perez-Perez did not file his motion to reopen the proceedings until nearly twenty-two years later, arguing that the deportation order should be vacated because he never received proper notice of his deportation hearing.

The BIA determined that, prior to his release on bond, Perez-Perez was personally served with an Order to Show Cause informing him of the consequences of a failure to appear at a later hearing. It further determined that Perez-Perez failed to present any evidence showing that he fulfilled his obligation to ensure that the Immigration Court was aware of an address where he could be contacted. The BIA concluded, therefore, that the deportation order should not be rescinded for lack of notice. In the present petition for review, Perez-Perez maintains his argument that he was not properly notified of his hearing. He argues that the fact that the hearing notices were returned shows that he did not receive notice and that he presented his own affidavit attesting to the validity of the address he provided to the Immigration Court. We are unpersuaded.

We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). Motions to reopen immigration proceedings are generally not favored. *Ghassan v. INS*, 972 F.2d 631, 638 (5th Cir. 1992).

A deportation order will not be set aside "if 'the alien's failure to receive actual notice was due to his neglect of his obligation to keep the immigration court apprised of his current mailing address.'" *Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010) (quoting *Gomez-Palacios v. Holder*, 560 F.3d 354, 360 (5th Cir. 2009)). Postal service employees are presumed to discharge their duties properly. *Matter of M-R-A-*, 24 I&N Dec. 665, 672 (BIA 2008). When a hearing

notice has been sent via regular mail, as in this case, the presumption that notice was delivered and actually received is weaker than when notice is sent by certified mail. *Id.* In the face of delivery of a notice by regular mail, an alien's affidavit averring that he did not receive the notice can be some evidence that notice was not properly given. *See Maknojiya v. Gonzales*, 432 F.3d 588, 590 (5th Cir. 2005). In this case, however, the issue is not whether Perez-Perez received actual notice of the hearing—we know that he did not because the mail was returned as undeliverable—but rather whether he fulfilled his duty to give the Immigration Court a valid address for mail purposes. Unlike the single hearing notice that was returned in *Maknojiya*, the Post Office in this case *thrice* attempted to deliver mail to Perez-Perez at the address he provided but was unsuccessful on each occasion. This supports the IJ's and the BIA's conclusion that Perez-Perez either was unable to receive mail at that address or that he was not accepting mail sent to him at that address. Furthermore, Perez-Perez averred in his affidavit that he lived at the address, but he did not aver that he or his brother and sister-in-law, with whom he lived, received mail at the address, nor did he present corroborating evidence from his brother or sister-in-law. Under these circumstances, the BIA's conclusion was supported by substantial evidence and its decision to affirm the denial of the motion to reopen was "not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios*, 560 F.3d at 358.

To the extent that Perez-Perez argues that the BIA should have *sua sponte* reopened his deportation proceedings, we lack jurisdiction to review the BIA's discretionary action. *See Lopez-Dubon*, 609 F.3d at 647.

The petition for review is DENIED.