# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60386
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2014

Lyle W. Cayce
Clerk

MARIA ESTELA RODRIGUEZ-REYES,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 800 509

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Maria Estela Rodriguez-Reyes, a native and citizen of Honduras, seeks review of a decision by the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of her motion to reopen removal proceedings. Alleging that she did not receive notice of the hearing at which she was ordered removed in absentia, Rodriguez-Reyes contends that the denial of her motion was an abuse of discretion and a violation of her due process rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60386

We review the denial of a motion to reopen under 8 U.S.C. § 1229a(b)(5)(C)(ii) using "a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We review questions of law de novo and factual findings for substantial evidence. *Id.*

Rodriguez-Reyes has not shown a due process violation. The decision whether to grant a motion to reopen removal proceedings is purely discretionary and does not rise to the level of a constitutional violation even if the moving party had been eligible for it. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006).

Nor has Rodriguez-Reyes shown that the IJ and BIA abused their discretion in denying her motion to reopen. *See Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). As an initial matter, Rodrigues-Reyes contends that the notice of her hearing was legally insufficient because her written notice to appear was not in Spanish. However, she did not exhaust her administrative remedies by raising that claim before the BIA, and we therefore lack jurisdiction to consider it. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Rodriguez-Reyes's remaining arguments lack merit. Rodriguez-Reyes asserts that the IJ and BIA applied the wrong presumption of delivery in finding that she received notice of her hearing. However, the immigration courts correctly used the slight presumption of delivery applicable to notices sent via regular mail. *See Matter of M-R-A*, 24 I & N Dec. 665, 672-73 (BIA 2008). Rodriguez-Reyes also asserts that the IJ and BIA erred by failing to accept the truth of the affidavit she presented in support of her motion to reopen. We do not require immigration courts to assume the credibility of such an affidavit. *See Maknojiya v. Gonzales*, 432 F.3d 588, 589-90 (5th Cir. 2005).

No. 13-60386

Finally, Rodriguez-Reyes unconvincingly challenges, as unsupported by substantial evidence, the finding of the IJ and BIA that she received notice of her hearing. Rodriguez-Reyes's notice of hearing was sent via regular mail, as authorized by statute, to the address listed in her immigration file. *See* 8 U.S.C. § 1229a(2)(A), (c). It was not returned. Rodriguez-Reyes lived at the listed address and her husband had received a certified letter at the residence. She had no apparent incentive to attend her removal hearing and waited more than 12 years after being served with a notice to appear before inquiring about her immigration proceedings. Those facts do not compel a finding that Rodriguez-Reyes overcame the slight presumption of delivery that applies when a notice of hearing is sent via regular mail. *See Ojeda-Calderon v. Holder*, 726 F.3d 669, 672-73 (5th Cir. 2013); *see also Matter of M-R-A-*, 24 I. & N. Dec. at 672-73 (discussing the factors relevant in considering an alien's receipt of notice). Rodriguez-Reyes has not shown that the IJ and BIA were obligated to consider whether some household failure prevented her from receiving the notice of hearing. *See Ojeda-Calderon*, 726 F.3d at 673.

Rodriguez-Reyes's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction. Her outstanding motions, including those for a change of venue, for an evidentiary hearing, for a stay of removal, and to rescind her order of removal are DENIED.