# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2017

Lyle W. Cayce
Clerk

No. 15-60661
Summary Calendar

MARVIN RAMON CARDONA-NAJERA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 374 789

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Marvin Ramon Cardona-Najera, a native and citizen of Honduras, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) order denying his motion to rescind an in absentia order of removal and to reopen proceedings. The BIA determined that Cardona-Najera failed to show that he did not receive notice of the hearings through no fault of his own. Additionally, regarding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60661

Cardona-Najera's assertion that the proceedings should be reopened to allow him to seek a provisional waiver of unlawful presence, the BIA determined that his motion to reopen was untimely and also declined to reopen the proceedings sua sponte.

We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Motions to reopen immigration proceedings are generally not favored. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549-50 (5th Cir. 2006).

In his petition for review, Cardona-Najera contends that the BIA abused its discretion in denying his motion because he established that he did not receive notice through no fault of his own. A deportation order entered in absentia may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with" the statutory requirements and the failure to appear was through no fault of the alien. 8 U.S.C. § 1229a(b)(5)(C)(ii). On a motion to reopen, it is the alien's burden to demonstrate that he did not receive notice in accordance with § 1229(a) and that the failure to appear was not his fault. § 1229a(b)(5)(C)(ii). "[W]hen notice is sent by certified mail, there is a strong presumption of effective service." *Ojeda-Calderon v. Holder*, 726 F.3d 669, 673 (5th Cir. 2013). To overcome that presumption the alien must "present substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery" or nondelivery. *Id.* (internal quotation marks and citation omitted).

The IJ entered an in absentia order after Cardona-Najera failed to appear at a hearing on April 9, 1997. Prior to that hearing, three notices were sent to Cardona-Najera via certified mail at the address he provided to the

No. 15-60661

Immigration Court.  Each time the notices were returned as undeliverable. Cardona-Najera was personally served with an Order to Show Cause informing him of the consequences of the failure to appear at a later hearing.

The record contained no documentary evidence supporting Cardona-Najera's assertion that he provided an updated address to the Immigration Court on the correct form.  Though Cardona-Najera provided documents showing that his Miami address was known to United States Citizen and Immigration Services, he did not change his address until after the IJ issued the in absentia order.  Cardona-Najera did not present "substantial and probative evidence . . . that nondelivery was not due to the [his] failure to provide an address where he could receive mail." *Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005) (internal quotation marks and citation omitted). Accordingly, substantial evidence supports the BIA's finding that Cardona-Najera failed to show that he did not receive notice through no fault of his own. *See Gomez-Palacios*, 560 F.3d at 361; § 1229a(b)(5)(C)(ii).

Cardona-Najera also argues that the BIA erroneously stated that he was not required to rescind the in absentia order to apply for a provisional waiver of unlawful presence.  Regardless whether it was necessary to rescind the in absentia order, the BIA did not deny the motion to reopen on that ground. Rather, the BIA determined that a motion to reopen on this ground was subject to the 90-day time limitation and that Cardona-Najera's motion was untimely filed.  Cardona-Najera does not challenge the BIA's determination that his motion to reopen in order to seek a provisional waiver of unlawful presence was untimely.  Thus, he has abandoned any challenge to any challenge to the BIA's determination that his motion was untimely.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

No. 15-60661

Finally, Cardona-Najera asserts that the BIA erred in not exercising its discretion to reopen proceedings because he made a showing of extraordinary circumstances. We lack jurisdiction to review whether the BIA should have exercised its sua sponte authority to reopen the case. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008). Additionally, Cardona-Najera has not shown that the BIA violated his due process rights by denying his motion to reopen the proceedings. *See Altamirano-Lopez*, 435 F.3d at 550-51.

For the foregoing reasons, Cardona-Najera's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.