# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2835

_____

Walid Aly Abola Ghounem,      *
      *
      *
      Petitioner,      *
      *   Petition for Review of an Order
      v.      *   of the Board of Immigration Appeals.
      *
John Ashcroft,      *
      *
      Respondent.      *

_____

Submitted: May 12, 2004
Filed: August 4, 2004 (Corrected: August 12, 2004)

_____

Before MORRIS SHEPPARD ARNOLD, McMILLIAN, and MELLOY Circuit Judges.

_____

MELLOY, Circuit Judge.

Walid Aly Abola Ghounem ("Ghounem") petitions for review of an order of the Board of Immigration Appeals ("BIA") that affirmed without opinion an Immigration Judge's ("IJ's") denial of his Motion to Reopen his case. For the reasons stated below, we grant the petition for review and remand the case to the BIA with instructions.

# I. Facts

This case has a long procedural history, most of which is irrelevant to the issue we must resolve. Ghounem is a native of Egypt. On July 21, 1994,[1] he entered the United States as a nonimmigrant B-2 visitor with authorization to stay in the United States until January 21, 1995. Ghounem remained in the United States after this deadline passed. In 1996, he married Anna Marie Shaw, a United States citizen, in New York City. The couple have been married over seven years and have three children who are United States citizens. In 1999, Ghounem and his wife filed a Petition for Alien Relative (I-130) and an Application to Register Permanent Resident or Adjust Status (I-485), both of which were denied.

The INS commenced removal proceedings against Ghounem and notified him a removal hearing would be set. Ghounem received three pieces of mail regarding the removal hearing: (1) a Notice to Appear dated January 31, 2002, (2) a Notice to Appear dated February 1, 2002, and (3) a letter from INS District Counsel Karl Cozad dated April 2, 2002. All three documents were delivered to 5 View Court, Florissant, MO 63033. Ghouhnem's current counsel, Gene McNary, filed an appearance with the Immigration Service on February 2, 2002, and he received a copy of the April 2, 2002 letter from Mr. Cozad. Both the January 31, 2002 Notice to Appear and the February 1, 2002 Notice to Appear indicated that the hearing would be held: "before an immigration judge of the United States Department of Justice at 1222 Spruce St., Rm 1.100, St. Louis, Missouri on to be set (date) and to be set (time). . . ." (App. 001-002.) The April 2, 2002 letter from Mr. Cozad indicated that the "hearing [would] be scheduled to occur in the Immigration Court Hearing room, at 1222 Spruce Street, Room 1.100, St. Louis, MO." (App. 004.) Mr. Cozad indicated that

---

[1] The Government claims in its brief that Ghounem entered the United States on or about February 5, 1999. (Respondent's Brief at 3.) We see no support for this statement in the record.

the Office of the Immigration would notify Ghounem of the date and time of the hearing.

INS records indicate the Immigration Court sent a Notice of Hearing In Removal Proceedings to Ghounem's address on View Court on April 9, 2002. This notice informed Ghounem that his "case ha[d] been scheduled for a MASTER hearing before the Immigration Court on June 25, 2002 at 9:00 a.m. at 1222 Spruce Street, 1st floor, St. Louis, MO 63103." (App. 005.) Ghounem claims he never received this notice. The Immigration Court did not send Mr. McNary notice because Mr. McNary had entered his appearance with the Immigration Service, but not the Immigration Court.[2]

On June 25, 2002, the IJ held Ghounem's removal hearing in absentia. The IJ found that "[a] notice of the scheduled hearing was sent to the respondent at the last address provided" and that "this notice also advised that a failure to appear may result in an order of removal." (June 25, 2002 Decision of the IJ, at App. 006.) The IJ found "clear, unequivocal, and convincing" evidence of removability and ordered that Ghounem be removed from the United States to Egypt. Id. On or about June 26,

---

[2] Though Mr. McNary had filed an appearance with the Immigration Service, he was not yet Ghounem's counsel of record with the Immigration Judge because he had not filed an appearance with the Immigration Court as required by 8 C.F.R. 1003.17(a) ("In any proceeding before an Immigration Judge in which the alien is represented, the attorney or representative shall file a Notice of Appearance on Form EOIR-28 with the Immigration Court and shall serve a copy of the Notice of Appearance on the [Immigration] Service as required by 8 CFR 1003.32(a). Such Notice of Appearance must be filed and served even if a separate Notice of Appearance(s) has previously been filed with the [Immigration] Service for appearance(s) before the [Immigration] Service."); see also In re: Khader Qumsieh, 2004 WL 848562 (BIA) (February 24, 2004) (Unpublished).

2002, the Immigration Judge's decision was mailed to Ghounem at his address on View Court, and Ghounem received it.

On July 8, 2002, Ghounem's counsel, Mr. McNary, filed an appearance with the Immigration Court and a Motion to Reopen pursuant to 8 U.S.C. 1229a(c)(6). He argued that neither Ghounem nor his attorney received notice of the date, time, and place of the June 25 hearing. Ghounem and his attorney submitted affidavits in which they stated that they were not notified of the date and time of the hearing.

The IJ denied the Motion to Reopen, finding that hearing notice, including the date, time, and location of the hearing, had been sent to Ghounem at 5 View Court, Florissant, MO 63033 on April 9, 2002. The IJ also found that Ghounem's attorney did not receive notice because he did not file an appearance until July 8, 2002. The IJ held:

> Under Matter of Grijalva, Interim Decision 3246 (BIA 4/28/95), the Court's notice is effective if sent to the last known address of the alien–proof of actual receipt of notice is not required. In summary, the respondent was properly notified of his removal hearing and has not established "exceptional circumstances" excusing his appearance.

(September 27, 2002 Decision of the IJ, at App. 020.) On June 17, 2003, the BIA issued an order that affirmed, without opinion, the decision of the IJ. See 8 C.F.R. § 1003.1(e)(4) (outlining the affirmance without opinion procedure). On the same date, Ghounem filed a Petition for Review of the denial of the Motion to Reopen with this Court.

Ghounem surrendered himself to the custody of the Department of Homeland Security on August 6, 2003. However, when Ghounem arrived at the Immigration and Customs Enforcement Office in St. Louis, the deportation officers sent him home because they had not yet prepared his travel documents. A second notice arrived, and

Ghounem was ordered to surrender himself on September 10, 2003. This Court denied a Motion for Stay of Removal pending this Petition for Review. The INS deported Ghounem to Egypt on September 11, 2003.

## II. Discussion

### A. Standard of Review

"Because the BIA affirmed the IJ without opinion, we review the IJ's decision directly as the final agency action." Gebrehiwot v. Ashcroft, – F.3d –, 2004 WL 1440648, *2 (8th Cir. June 29, 2004); see Loulou v. Ashcroft, 354 F.3d 706, 708 (8th Cir. 2004). "We review the denial of a motion to reopen for an abuse of discretion." Nativi-Gomez v. Ashcroft, 344 F.3d 805, 807 (8th Cir. 2003).

### B. Statutory Background

The Immigration and Nationality Act ("INA") allows an IJ to hold removal proceedings in absentia if aliens are given proper notice. The current statute provides that written notice in removal proceedings be "given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." 8 U.S.C. § 1229(a)(1). This is in contrast to the predecessor provision, 8 U.S.C. § 1252b, which provided that written notice be in person or sent by *certified* mail, return receipt requested. 8 U.S.C. § 1252b(a)(1) (1995) ("In deportation proceedings under section 1252 of this title, written notice . . . shall be given in person to the alien (or, if personal service is not practicable, such notice shall be given by certified mail to the alien or to the alien's counsel of record, if any)."); 8 U.S.C. § 1252b(f)(1) (1995) ("The term 'certified mail' means certified mail, return receipt requested.").

Under the current statute, if notice is proper and an alien fails to appear, the IJ may order the alien removed:

Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the [Immigration] Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2) of this section).

8 U.S.C. § 1229a(b)(5)(A).

If an alien is ordered removed after an in absentia hearing, the alien may file a Motion to Reopen if the alien demonstrates that the alien failed to appear because of "exceptional circumstances" or for lack of notice:

Such an order may be rescinded only—
(i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1) of this section), or
(ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

Id. at § 1229a(b)(5)(C).

## C. Analysis

On appeal, Ghounem argues that the IJ abused his discretion by applying the evidentiary requirements in Matter of Grijalva, 21 I & N Dec. 27 (BIA), in denying Ghounem's Motion to Reopen. He argues that while a strong presumption of effective delivery was appropriate under the old statute that required service by *certified mail*, the fact that the new statute allows notice to be sent by regular mail

requires us to apply a weaker presumption of delivery and lesser evidentiary requirements to rebut that presumption. We agree.

In Grijalva, the respondent was charged with deportability, and the Office of the Immigration Judge sent notice of a removal hearing by certified mail, return receipt requested, pursuant to 8 U.S.C. § 1252b. Grijalva, 21 I & N Dec. at 28. The Office of the Immigration Judge received the certified mail return receipt, which indicated that the mail was unclaimed despite multiple attempts to deliver the mail to the respondent. Id. at 29. The respondent failed to appear at the hearing, the hearing was held in absentia, and the IJ ordered the respondent be deported. Id. The respondent filed a Motion to Reopen and claimed that he had not received notice of the hearing. Id. The IJ denied the Motion to Reopen, finding "that the respondent was properly notified of the hearing in question because the notice, though unclaimed, was sent to him by certified mail to his last known address." Id.

On appeal, the BIA found "that the Immigration Judge properly denied the motion to reopen because the respondent failed to demonstrate that he did not receive notice of the deportation proceeding."[3] Id. at 36. The BIA found further "that in cases where service of a notice of a deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises." Id. at 37. To combat the presumption of effective service, the BIA found the respondent was required to "present substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could receive mail." Id.

---

[3] Though the BIA expressed approval of the IJ's findings, the BIA remanded the case for development of the record because of the "particular circumstances" of the case, "including the absence of implementing regulations or precedent regarding the notice issues raised on motion to reopen." Grijalva, 21 I. & N. at 37.

The BIA in Grijalva found that a "strong presumption of effective service"arises when the Office of the Immigration Judge sends notice by certified mail. We see no reason to extend this strong presumption to cases in which notice was sent by regular mail. We think it appropriate that a stronger presumption should apply when certified mail is used to send notice because of the extra assurances of effective delivery included in the United States Postal Service's certified mail system.

In addition, the required evidentiary showing set out in Grijalva is not easily applicable to regular mail. Grijalva suggests that to rebut the presumption of delivery, a respondent must present "evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery." Id. In the common case of failed delivery through regular mail, these types of evidence do not exist. The only proof of non-delivery is the respondent's statement that he or she did not receive notice. In Grijalva, the BIA stated that "[a] bald and unsupported denial of receipt of certified mail notices is not sufficient to support a motion to reopen to rescind an in absentia order under [8 U.S.C. § 1252b]." Id. If this were the standard under the current statute, we would leave respondents virtually without recourse to rebut the presumption of effective delivery. It was, therefore, an abuse of discretion for the IJ to apply the Grijalva evidentiary requirements in denying Ghounem's Motion to Reopen.

Support for our holding comes from Salta v. INS, 314 F.3d 1076 (9th Cir. 2002). The facts of Salta are similar to those at hand, and the issue was identical: "[H]ow an alien may meet the burden of demonstrating lack of notice under the new statute." Salta, 314 F.3d at 1079. The Ninth Circuit found that regular mail was not entitled to the same presumption of effective delivery as certified mail. See Id. ("Although it is still proper to presume that postal officers properly discharge their duties, delivery by regular mail does not raise the same 'strong presumption' as certified mail, and less should be required to rebut such a presumption." (internal citation omitted)). Instead, the court held:

Where a petitioner actually initiates a proceeding to obtain a benefit, appears at an earlier hearing, and has no motive to avoid the hearing, a sworn affidavit from Salta that neither she nor a responsible party residing at her address received the notice should ordinarily be sufficient to rebut the presumption of delivery and entitle Salta to an evidentiary hearing to consider the veracity of her allegations.

Id. We find the rule in Salta sound.

In this case, the Ghounems filed a Petition for Alien Relative and an Application to Register Permanent Resident or Adjust Status in hopes of obtaining a benefit. Ghounem appeared before the INS several times since his entry into the country and had nothing to gain by failing to appear at his removal hearing. He submitted an affidavit swearing that he did not receive notice of the hearing. Considering these facts, Ghounem's sworn statement is enough to rebut the presumption of delivery created by INS records that it sent Ghounem notice by regular mail, and Ghounem is entitled to an evidentiary hearing on the matter.

### III. Conclusion

Because we grant relief based on the IJ's application of an erroneous evidentiary standard in denying Ghounem's Motion to Reopen, it is not necessary for us to consider Ghounem's due process arguments. We remand to the BIA with instructions to remand to the IJ to conduct an evidentiary hearing to determine whether Ghounem should be permitted to reopen his case.

_____