# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3520

_____

Momodou Lamino Dibba,          *
                                            *

         Petitioner,            *
                                            *   Petition for Review of

    v.                           *   an Order of the
                                            *   Board of Immigration Appeals.

Michael B. Mukasey, Attorney General, *
                                            *     [UNPUBLISHED]

         Respondent.         *

_____

Submitted: October 13, 2008
Filed: January 13, 2009

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Momodou Dibba, a native and citizen of the Gambia, petitions for judicial review of a decision by the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings and for reconsideration. Dibba lawfully entered the country as a student, but overstayed his student visa after leaving school. He failed to appear for his hearing on removability and a removal order was entered in absentia. Dibba claims he did not show up for his hearing because he did not receive the hearing notice. The Immigration Court sent the notice by certified mail to his last known mailing address, but it was returned with the notation: "Return to Sender: Moved Order Expired." Dibba asserts that he still lived at the listed address, but that the post office inexplicably did not deliver the notice to him and wrongly stamped the

"Moved Order Expired" message on the notice. Although apparently Dibba received the in absentia removal order in July 1994, he did not file the motion to reopen until thirteen years later, when he was arrested and detained by Immigration & Customs Enforcement. After his arrest, Dibba moved to reopen the proceedings, and after this motion was denied, moved for reconsideration. The Immigration Judge (IJ) denied the motion to reopen and reconsider, holding that Dibba failed to prove insufficient notice and that Dibba had not provided the Immigration Court with the correct mailing address. The BIA affirmed without comment.

Our review is extremely limited. We review the IJ's and the BIA's determinations deferentially, applying an abuse of discretion standard. Aneyoue v. Gonzales, 478 F.3d 905, 907 (8th Cir. 2007); Reyes-Morales v. Gonzales, 435 F.3d 937, 941 (8th Cir. 2006) (holding that we review the IJ's decision directly where the BIA has adopted and affirmed that decision). We find no such abuse in this case.

Dibba cannot meet his burden of showing inadequate notice. The postal notice shows that he was not living at his last reported address at the time the notice was delivered, and Dibba's self-serving evidence to the contrary does not overcome the presumption that the United States Post Office correctly dispatched its duties. See Ghounem v. Ashcroft, 378 F.3d 740, 744 (8th Cir. 2004) (noting the strong presumption of proper mail delivery with certified mail). In Ghounem, we held that the alien's sworn affidavit that he did not receive notice of the hearing was enough to rebut the presumption of proper mail delivery because the petitioner had previously appeared for immigration hearings, and the agency had begun using only regular, and not certified mail for notices. Id. at 745.

Unlike Ghounem, there is no allegation here that a regularly mailed item was lost, buttressed with a petitioner's sworn affidavit that he lived at the location in question. Instead, there is documentary evidence that an attempt was made to deliver certified mail to the address on file for Dibba, that a move order had expired, and that

the mail was marked as "Return to Sender." While Dibba did establish that he did not receive the hearing notice, the evidence also shows that he was to blame for this occurrence–he had not provided a current address. E.g., Haider v. Gonzales, 438 F.3d 902, 908 (8th Cir. 2006) (noting that an "alien must remain vigilant and proactive by keeping the INS and the Immigration Court informed of any address changes"). The IJ did not err in concluding that Dibba's supporting affidavits were not sufficient proof that he lived at this address at the time the notice was mailed but that the post office inexplicably refused to deliver the hearing notice to him. Instead, the evidence shows it is more likely that Dibba did not supply his correct address to the immigration authorities, and under such circumstances, the IJ did not abuse its discretion in denying the motion to reopen and reconsider. See id.

Dibba also argues the IJ denied his due process rights. We have reviewed the record and disagree with Dibba's assertions. See Eta-Ndu v. Gonzales, 411 F.3d 977, 986 (8th Cir. 2005). The BIA did not abuse its discretion by affirming the IJ, and we deny the petition for review.

_____