# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60991
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2013

Lyle W. Cayce
Clerk

FATIMA BERNALDA HERNANDEZ-PARADA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 489 012

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

An immigration judge (IJ) ordered that Fatima Bernalda Hernandez-Parada (Hernandez), a native and citizen of El Salvador, be removed in abstentia. Hernandez now petitions for review of the decision of the Board of Immigration Appeals (BIA) that dismissed her appeal of the IJ's denial of her motion to reopen her removal proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60991

Hernandez contends that she was not notified of the hearing that resulted in the removal order.  *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)((ii).  She acknowledges that a notice had been properly mailed to the address in Fort Worth that she originally provided to the Immigration and Naturalization Service, but she argues that the notice was never received.  The record, however, does not support a conclusion that the IJ's application of the presumption of delivery was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted); *see Ghounem v. Ashcroft*, 378 F.3d 740, 745 (5th Cir. 2004).

Additionally, we find no merit in the contention that the BIA abused its discretion in dismissing Hernandez's claim that changed country conditions in El Salvador dictated reopening so that the removal order might be rescinded.  *See* § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(i).  Contrary to the contention that there was no discussion of Hernandez's evidence, the record shows that the IJ addressed that evidence, disagreeing with Hernandez's interpretation of it and finding no changed circumstances.  Thus, Hernandez fails to show that the immigration courts' rulings did not "adequately convey the reasoning" employed, *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002), or that the rulings were capricious, irrational, or "utterly without foundation," *Singh*, 436 F.3d at 487.

The petition for review is DENIED.