**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO CLIMACO DELGADO, | No.    19-73176 |
| Petitioner, | Agency No. A088-966-972 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2021[**]
Pasadena, California

Before:  OWENS and R. NELSON, Circuit Judges, and HELLERSTEIN,[***]
District Judge.

Roberto Climaco Delgado, a native and citizen of El Salvador, petitions for

review of a Board of Immigration Appeals' ("the Agency") denial of Climaco's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

motion to reopen his case and denial to *sua sponte* reopen his proceedings. Climaco also moves to stay his removal pending a final decision on his petition. We have jurisdiction under 8 U.S.C. § 1252. We deny both the petition and the motion to stay removal.

Where the Agency "summarily adopts the [Immigration Judge]'s decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4)," we review the Immigration Judge's decision as if it were the Agency's decision. *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011); *see also Zheng v. Ashcroft*, 397 F.3d 1139, 1143 (9th Cir. 2005). We review the Agency's denial of a motion to reopen for an abuse of discretion. *See INS v. Doherty*, 502 U.S. 314, 323 (1992); *INS v. Abudu*, 485 U.S. 94, 110 (1988); *Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1147 (9th Cir. 2013); *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007) (explaining that, under the abuse of discretion standard, a court should not overturn the Agency's decision unless the Agency acted arbitrarily, irrationally, or contrary to law). Our review of a petition challenging the denial of a motion to reopen for rescission of an in absentia deportation order is "confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229a(b)(5)(D), *see also Lo v. Ashcroft*, 341 F.3d 934, 936 (9th Cir. 2003). The Agency's factual findings are reviewed under the substantial evidence standard. *See Andriasian v. INS*, 180 F.3d

1033, 1040 (9th Cir. 1999).

Here, the Agency found that Climaco had not provided sufficient evidence to rebut the presumption that he received proper notice of his immigration hearing. *See* 8 U.S.C. § 1229(a)(1)(G). The Immigration Judge ("IJ") noted that because the notices were sent via regular mail, the presumption of service is weaker than that of certified mail. The Notice to Appear ("NTA"), the Notice of Hearing ("NOH"), and the Removal Order were mailed to the address that Climaco had previously provided to the Department of Homeland Security ("DHS"). Climaco concedes this was his correct address. Neither the NTA, the NOH, nor the Removal Order were returned to the Immigration Court as undeliverable. The record evidence therefore shows that the notice provided to Climaco was legally sufficient. *See Popa v. Holder*, 571 F.3d 890, 894 (9th Cir. 2009) ("Written notice is sufficient if 'provided at the most recent address provided [by the alien].'") (quoting 8 U.S.C. § 1229a(b)(5)(A)).

Climaco argues that mailing the NTA and NOH "to a rough, crime-ridden neighborhood" was not reasonably calculated to ensure Climaco received it. However, "it is still proper to presume that postal officers properly discharge their duties." *See Salta v. INS,* 314 F.3d 1076, 1079 (9th Cir. 2002). Climaco's affidavit and that of his partner claim that they had heard reports of mail being stolen and that they had experienced problems with their own mail. However, as

3

the IJ explained, Climaco provided no further evidence beyond these hearsay and conclusory comments to corroborate their claims that the notices and the removal order were stolen. There is no documentation of any complaints to the building management, the United States Postal Service ("USPS"), or the police.

Climaco argues that the lack of evidence was reasonable as only the building's management, not the USPS or the police, would have been in the position to address the issue of unsecured mailboxes. However, there is no documentation of a complaint to building management. Further, the IJ considered Climaco's claim in the context of his failure of due diligence in seeking to redress his situation following his earlier immigration difficulties, as mentioned below. *See Matter of M-R-A-,* 24 I. & N. Dec. 665, 674, 676 (BIA 2008) ("[w]e consider a significant factor to be the respondent's due diligence by promptly seeking to redress the situation by obtaining counsel and requesting reopening of the proceedings")); *see Salta*, 314 F.3d at 1079 (explaining that sworn statement that petitioner did not receive the notice is sufficient to overcome presumption where petitioner initiates a proceeding to obtain a benefit, appears at an earlier hearing, and has no motive to avoid the hearing); *see also Ghounem v. Ashcroft*, 378 F.3d 740, 745 (8th Cir. 2004) (explaining that sworn statement that Petitioner did not receive the notice, along with prior affirmative application for immigration benefit and history of appearances in front of INS constituted sufficient evidence to

4

overcome presumption). Climaco did not take action to address his immigration status when his Application for Temporary Protected Status was denied in October 2007; he sought the assistance of counsel only in 2017, over a decade later. Even after Climaco's attorney informed him of the removal order against him, he waited five more months to file his motion to reopen. The IJ did not abuse its discretion in denying Climaco's motion to reopen the proceedings. *See Valeriano,* 474 F.3d at 672.

Next, Climaco argues that the IJ erred in denying to *sua sponte* reopen his proceedings. It is well-settled that we lack jurisdiction to review the agency's denial of *sua sponte* reopening. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (concluding that the Court's jurisdiction to review Agency decisions denying *sua sponte* reopening is limited to legal or constitutional error); *Singh v. Holder*, 658 F.3d 879, 884 n.6 (9th Cir. 2011); *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *Ekimian v. INS*, 303 F.3d 1153, 1159-60 (9th Cir. 2002) (holding that the Agency's decision to deny *sua sponte* reopening under 8 C.F.R. § 1003.2(a) is not subject to judicial review); *see also Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (limiting the scope of review to "situations where it is obvious that the agency has denied *sua sponte* relief . . . because it erroneously believed that the law forbade it from exercising its discretion [], or that exercising its discretion would be futile").

Here, Climaco has raised no legal or constitutional challenge to the IJ's decision. Moreover, the IJ based her denial on the factual circumstances surrounding the matter, explaining that the Climaco's circumstances did not warrant such an exercise of discretion. *See Lona,* 958 F.3d at 1234. We therefore lack jurisdiction to review the Agency's decision not to *sua sponte* reopen Climaco's proceedings.

Climaco also moves for a stay of removal pending a final decision in this matter. Climaco argues that he would be irreparably injured because he has spent a significant amount of time in the United States and has a young daughter who is a United States Citizen. He argues that his removal would separate him from his partner and daughter, who are dependent on his financial contribution to the household. *Id.* We consider four factors in determining whether a stay is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Whether the applicant has made a strong showing of likelihood of success on the merits and whether the applicant will be irreparably injured absent a stay are the "most critical" factors. *Id.* The first factor requires more than

6

a possibility that relief will be granted. *Id.*

Here, Climaco has not established that a stay of removal is warranted. While removal would be burdensome to him and his family under factor two, Climaco cannot show that he made a "strong showing of likely success on the merits," for the reasons discussed in this memorandum. *See Leiva-Perez v. Holder,* 640 F.3d 962, 966 (9th Cir. 2011). Therefore, Climaco's motion for a stay of removal is denied.

**PETITION FOR REVIEW DENIED.**