# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 24, 2011

No. 10-60325
Summary Calendar

Lyle W. Cayce
Clerk

ROXANA ELIZABETH ORELLANA-SANTOS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 135 216

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Roxana Elizabeth Orellana-Santos (Orellana), a native and citizen of El Salvador, petitions this court for review of an order of the Board of Immigration Appeals (BIA), which declined to set aside the Immigration Judge's (IJ) denial of her motion to reopen and rescind her in absentia removal order and, also, declined to reopen and remand to the IJ for consideration of her newly filed application for asylum and withholding of removal. Orellana does not challenge the denial of her motion to reopen and rescind the in absentia removal order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60325

She has thus abandoned that claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The BIA applied the correct standard in reviewing Orellana's motion to remand. *See Wang v. Ashcroft*, 260 F.3d 448, 451-52 n.2 (5th Cir. 2001) (observing that a motion to remand is, in essence, a motion to reopen). An alien is not bound by the time limitation for filing a motion to reopen if her request for asylum or withholding of removal is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The evidence submitted by Orellana did not show a change in conditions in El Salvador since the time of her in absentia removal proceeding. Rather, her evidence showed a long history of domestic violence within her own family and the ongoing nature of domestic violence in El Salvador, both predating her 2006 removal hearing. Moreover, any alleged change in the asylum law of the United States does not constitute "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered" for purposes of a motion to reopen under § 1003.2(c)(3)(ii). *See Azanor v. Ashcroft*, 364 F.3d 1013, 1022 (9th Cir. 2004). The BIA did not abuse its discretion in determining that Orellana had failed to establish changed country conditions and that her motion was, therefore, untimely. *See Panjwani v. Gonzales*, 401 F.3d 626, 632-33 (5th Cir. 2005).

Orellana suggests for the first time in her reply brief that an alleged change in asylum law warranted the reopening of her case under the BIA's discretionary sua sponte authority. We decline to consider this claim. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006). In any event, this court lacks jurisdiction to review the BIA's refusal to sua sponte

2

No. 10-60325

exercise its general authority to reopen immigration proceedings. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008).

Accordingly, Orellana's petition for review is DENIED.