# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2013

Lyle W. Cayce
Clerk

No. 12-60405
Summary Calendar

JAKELINNE ROXANA LARIN-ZELAYA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 723 828

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jakelinne Roxana Larin-Zelaya, a native and citizen of El Salvador, was ordered removed in absentia in July 2005. More than six years later, she filed a motion to reopen her immigration case, seeking to make applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). An immigration judge (IJ) denied Larin-Zelaya's motion, finding it untimely and determining that no exception existed under either 8 C.F.R. § 1003.23(b)(4)(i) or (ii) to excuse her untimely filing. The IJ additionally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

declined to exercise his sua sponte authority to reopen the case. After Larin-Zelaya appealed, the Board of Immigration Appeals (BIA) summarily affirmed the IJ's decision.

Larin-Zelaya now petitions this court for review of the decisions below. We review constitutional challenges de novo, *see Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006), and denials of motions to reopen for an abuse of discretion. *See Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005) (reviewing denial of untimely motion to reopen where alien sought to avail himself of the exception for changed country conditions); *Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005) (reviewing denial of motion to reopen removal proceeding conducted in absentia). Where the BIA summarily affirms the IJ's decision without opinion, as herein, we review the IJ's decision. *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007).

Larin-Zelaya argues that the BIA's failure to provide reasons for its decision violated her due process rights. The BIA may affirm an IJ's decision without opinion, *see* 8 C.F.R. § 1003.1(e)(4), and such summary affirmance procedures "do not violate due process." *See Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003). Larin-Zelaya additionally asserts conclusionally that the BIA violated her equal protection rights by declining to remand her case back to the IJ. By failing to brief this issue adequately, she has abandoned it. *Id.* at 833.

As to the IJ's decision, Larin-Zelaya does not challenge the finding that she failed to make the showing required by § 1003.23(b)(4)(ii) to reopen her removal proceedings to rescind the order of removal entered against her in absentia; therefore, she has abandoned any challenge to that finding. *See id.* As to the IJ's determination that the exception set forth in § 1003.23(b)(4)(i) did not apply to excuse the untimely filing of Larin-Zelaya's motion to reopen, there was no abuse of discretion. The exception applies only when an untimely motion to reopen is for purposes of making an application for asylum, withholding of

removal, or relief under the CAT and "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." § 1003.23(b)(4)(i); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Here, Larin-Zelaya's evidence failed to establish that conditions had changed in El Salvador after her 2005 removal hearing. Specifically, the evidence showed a history of domestic violence predating Larin-Zelaya's 2005 hearing. Additionally, the evidence showed that, during the years after the hearing, Larin-Zelaya's personal circumstances had changed when she married and had a child in the United States. These facts do not show changed country conditions arising in El Salvador after July 2005. *See* § 1003.23(b)(4)(i); § 1229a(c)(7)(C)(ii).

Finally, as to Larin-Zelaya's assertion that she was entitled to have her removal proceedings reopened due to an intervening change in asylum law, any alleged change in the asylum law of the United States, occurring after Larin-Zelaya's 2005 removal hearing, does not constitute changed country conditions. *See* § 1003.23(b)(4)(i); § 1229a(c)(7)(C)(ii); *see also Orellana-Santos v. Holder*, 414 F. App'x 647, 648 (5th Cir. 2011) (citing *Azanor v. Ashcroft*, 364 F.3d 1013, 1022 (9th Cir. 2004)).

Accordingly, the petition for review is DENIED.