# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 20, 2010

No. 09-60882
Summary Calendar

Lyle W. Cayce
Clerk

ISAAC MILANZI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 884 479

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

South African citizen Isaac Milanzi petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the immigration judge (IJ) denying his motion to reconsider the IJ's order denying his motion to reopen his removal proceeding.  Milanzi was ordered removed in absentia in 2003.  He moved to reopen the proceeding in 2009 on the ground that he never received a notice to appear (NTA).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Milanzi contends that the BIA erred by failing to address his contention that he did not receive oral notification of the consequences of failing to report a change of address and therefore was not bound by regulatory limitations on motions to reopen proceedings to rescind in absentia removal orders. He argues that the BIA erred by failing to consider the totality of the evidence, including his affidavit; by failing to consider that he was in custody when his wife, Perpetua Nwanyiso Ukanwa, provided her affidavit; and by failing to consider his application for adjustment of status.

The BIA correctly disregarded Milanzi's affidavit submitted for the first time in conjunction with the motion to reconsider. *See Zhao v. Gonzales,* 404 F.3d 295, 301 (5th Cir. 2005) (noting that a motion to reopen seeks to introduce new evidence while a motion to reconsider seeks reevaluation of the record evidence only). An alien is entitled to file one motion to reopen on the basis that he did not receive notice of a proceeding at which he was ordered removed in absentia. 8 C.F.R. § 1003.23(b)(4)(ii). The motion to reconsider therefore could not have been construed as a second motion to reopen so that Milanzi could submit his affidavit as new evidence.

An alien who is ordered removed in absentia, but who is able to demonstrate that he did not receive notice of the removal proceeding, may file a motion to reopen, seeking rescission of the order. 8 U.S.C. § 1229a(b)(5)(C)(ii); § 1003.23(b)(4)(ii). There is no limitations period on such a motion. § 1229(b)(5)(C)(ii); § 1003.23(b)(4)(ii). "However, this does not mean . . . that the failure to receive notice of a removal hearing always entitles an alien to rescission of his removal order . . . . [A]n alien's failure to receive actual notice of a removal hearing due to his neglect of his obligations to keep the immigration court apprised of his current mailing address does not mean that the alien did not receive notice." *Gomez-Palacios v. Holder,* 560 F.3d 354, 360 (5th Cir. 2009). The failure to comply with the obligation to provide current address information is grounds for denying rescission of an in absentia removal order. *Id.* at 361.

2

Moreover, when written notice is sent by regular mail, the alien may prove that he did not receive the notice by his own statement in an affidavit. *Maknojiya v. Gonzales,* 432 F.3d 588, 589-90 (5th Cir. 2005).

The record does not indicate that Milanzi's NTA was returned to the immigration court as undeliverable. The NTA was sent on March 21, 2002, to the address listed in Milanzi's immigration file when his first wife withdrew her application for an alien relative two months earlier. Ukanwa swore that Milanzi was unaware that a removal order had been entered and that he thought his case was closed after he withdrew his application for adjustment of status based on his first marriage. She did not explicitly state that Milanzi did not receive the NTA, nor did she indicate that Milanzi had updated his address information. Moreover, Ukanwa's affidavit does not indicate that her statements are based on her own personal knowledge and not on what Milanzi told her. *See In re J-W-S-,* 24 I. & N. Dec. 185, 189 (BIA 2007) (finding affidavits unreliable that were based on a review of documents and not on the affiant's personal knowledge). Her affidavit was not reliable evidence to prove that Milanzi did not receive the NTA. *See Maknojiya,* 432 F.3d at 589-90.

The evidence does not compel a finding that Milanzi did not receive the NTA that was delivered to his last known address. *See Efe v. Ashcroft,* 293 F.3d 899, 905 (5th Cir. 2002). Nor does the evidence compel a finding that Milanzi notified the relevant immigration authorities of any change in address before the NTA was sent. *See id.* The IJ and BIA did not abuse their discretion by determining that Milanzi was not entitled to reopening on the basis that he did not receive the NTA. *See Singh v. Gonzales*, 436 F.3d 484 487 (5th Cir. 2006).

Milanzi raised his contention regarding oral notification for the first time in his administrative appeal to the BIA. The BIA will not consider an issue raised for the first time on appeal by an alien who is represented by counsel. *See In re J-Y-C-,* 24 I. & N. Dec. 260, 261 n.1 (BIA 2007); *In re Jimenez-Santillano,* 21 I. & N. Dec. 567, 570 n. 2 (BIA 1996). Milanzi failed to exhaust

administrative remedies as to his claim regarding oral notification, *see Wang v. Ashcroft,* 260 F.3d 448, 452-53 (5th Cir. 2001), and we lack jurisdiction to address the claim. *See Townsend v. INS,* 799 F.2d 179, 181 (5th Cir. 1986).

We also lack jurisdiction to review the BIA's decision not to open removal proceedings sua sponte. *Enriquez-Alvarado v. Ashcroft,* 371 F.3d 246, 249-50 (5th Cir. 2004). To the extent Milanzi challenges the BIA's decision not to reopen his proceedings sua sponte based on his marriage, we lack jurisdiction to address the issue.

PETITION DENIED IN PART; DISMISSED IN PART.