# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2014

Lyle W. Cayce
Clerk

No. 13-60221
Summary Calendar

MEHNAZ RAHIM, also known as Mehnaz Baderpura,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 005 293

Before KING, DeMOSS, and GRAVES, Circuit Judges.----

PER CURIAM:[*]

Pakistani citizen Mehnaz Rahim petitions for review of the order of the
Board of Immigration Appeals (BIA) denying her motion to reopen her removal
proceeding. Rahim was ordered removed in absentia in 2004. She argues that
the BIA erred by requiring her to produce the affidavits of other people with
knowledge as to whether she received notice of her removal hearing and by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

requiring her to show due diligence in attempting to ascertain the status of her removal proceeding.

The BIA's factual findings are reviewed under a substantial evidence test, meaning that we will not overturn the BIA's factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). A credibility finding by the BIA will be reversed "unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise." *Wang v. Holder,* 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).

We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA's decision will be upheld as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted). "[M]otions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549-50 (5th Cir. 2006) (internal quotation marks and citation omitted).

Pursuant to 8 U.S.C. § 1229(a), a notice to appear or notice of a change in time or place of removal proceedings should be personally served on the alien but may be mailed to the alien or her attorney when personal service is not feasible. § 1229(a)(1), (2). Any alien who fails to appear at a removal proceeding "shall be ordered removed in absentia," provided the Government shows by "clear, unequivocal, and convincing evidence" that the alien is removable and that the alien, or her attorney, was provided written notice as required by § 1229(a). § 1229a(b)(5)(A). To rescind such an order more than

180 days after it is entered, the alien must demonstrate, inter alia, that she did not receive notice pursuant to § 1229(a).  § 1229a(b)(5)(C)(ii).

To the extent Rahim contends that the BIA erred by requiring as a matter of law affidavits from others and a showing of diligence, this contention is incorrect.  Although those factors were addressed in the administrative orders in Rahim's case, both factors were addressed along with the other factors set out in relevant caselaw.

In her affidavit, Rahim acknowledged that her correct address was 5010 Grove West Blvd., Apt. # 803 in Stafford, Texas.  This is the address that appears on the notice of hearing.  Rahim was married and living with her husband at the Grove West Blvd. address in 2003, and she was married to her husband when she applied for adjustment of status based on his adjustment to permanent resident status.  Yet Rahim's husband did not provide an affidavit in support of Rahim's motion to reopen.

Rahim swore in the affidavit that she was notified by her current attorney of the order of removal in absentia, yet she did not swear that she never received a copy of the order of removal.  She also indicated that counsel told her that he had reviewed the file and that it contained an unopened notice sent to her and returned.  To the extent Rahim repeated what she was told by counsel, her affidavit is based on hearsay and not on personal knowledge.  *See Milanzi v. Holder*, 397 F. App'x 984, 986 (5th Cir. 2010).  Moreover, counsel did not indicate during the administrative proceeding that he examined the file and discovered an unopened envelope containing a notice of hearing, and the record does not contain any evidence corroborating the allegation that there was an unopened or returned notice of hearing in Rahim's file. Counsel's statement in Rahim's brief to this court that he noticed the envelope containing the unopened envelope containing the notice of hearing when he reviewed

No. 13-60221

Rahim's file during administrative proceedings was not before the BIA. This court may not consider evidence that is not contained in the administrative record. 8 U.S.C. § 1252(b)(4)(A).

Rahim was told in her notice to appear on May 16, 2003, that she was in removal proceedings and that a hearing would be scheduled, and she also was told that the failure to appear at the scheduled hearing could result in her being ordered removed in absentia. The order of removal was issued in April 2004. Rahim retained counsel in July 2012, evidently to file the motion to reopen and an application for an adjustment of status based on her husband's status. Rahim evidently waited nine years after the NTA was served, and eight years after she was ordered removed in absentia, to inquire about the status of her case.

Rahim's husband began the process of adjusting his status in 2006, when his employer filed the petition on his behalf, and he obtained permanent resident status in 2011. The record does not suggest that she had a motive to appear at her removal hearing based on her husband's immigration status.

The BIA's implicit adverse credibility finding is supported by the record. *See Wang*, 569 F.3d at 538. Under the factors listed in *Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008), the denial of the motion to reopen was not an abuse of discretion. *See Singh*, 436 F.3d at 487; *Matter of M-R-A-,* 24 I. & N. Dec. at 674.

PETITION FOR REVIEW DENIED.