# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60385
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2017

Lyle W. Cayce
Clerk

DAMIAN DIBIA EGWUMBA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 180 117

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Through two petitions for review, Damian Dibia Egwumba, a native and citizen of Cameroon, seeks review of the orders of the Board of Immigration Appeals (BIA) denying, on 30 April 2015, his motion to reopen immigration proceedings and denying, on 21 August 2015, his subsequently filed motion for reconsideration on the grounds that he failed to comply with the procedural requirements for claiming ineffective assistance of counsel (IAC), as provided

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988).

Egwumba lawfully entered the United States in 2002 on an F-1 nonimmigrant student visa, authorizing him to attend Texas Southern University.  His legal status elapsed after his 2008 graduation, but he nonetheless remained in the United States.  In 2011, the Department of Homeland Security charged him as being removable, pursuant to 8 U.S.C. § 1227(a)(1)(C)(i), for failure to comply with conditions of the status under which he was admitted.

Egwumba conceded his removability, through counsel; but, on the day of his hearing before the immigration judge (IJ), his counsel sought a continuance to, *inter alia*, allow Egwumba to apply for withholding of removal.  The IJ denied the continuance, and Egwumba enlisted new counsel for his BIA appeal in which he claimed, *inter alia*, IAC in the earlier proceedings.

The BIA dismissed his appeal, noting his failure to comply with the procedural requirements to establish such a claim.  Egwumba did not file a petition for review; instead, he filed a motion for reconsideration, attaching his own affidavit in support.  The BIA denied the motion.  Next, he filed a motion to reopen with the BIA, asserting IAC as well as newly obtained evidence supporting a claim for withholding of removal.  This motion was also denied.  Egwumba filed the first of the two petitions at hand.  The second is for the denial of his subsequent motion for reconsideration.

Motions to reopen are disfavored, *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549–50 (5th Cir. 2006); along that line, the denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard", *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal citation omitted).  As with motions to reopen, the BIA's denial of a motion to

reconsider is reviewed "under a highly deferential abuse-of-discretion standard". *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks omitted).  The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies".  *Barrios-Cantarero,* 772 F.3d at 1021.

An alien may raise IAC as a ground for reopening a deportation case "in 'egregious circumstances'".  *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006) (quoting *Lozada*, 19 I. & N. Dec. at 639).  But, as a procedural prerequisite for the BIA to consider an IAC claim, an alien must provide:  (1) his own affidavit attesting to the facts, including a statement of the attorney-client agreement terms; (2) evidence that counsel was informed of the ineffectiveness allegations and allowed an opportunity to respond; and (3) evidence of a disciplinary filing against the offending attorney or an explanation as to why a grievance was not filed.  *Lozada*, 19 I. & N. Dec. at 639; *see also Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000) (discussing *Lozada* requirements).  The BIA does not abuse its discretion by requiring strict compliance with *Lozada*.  *See Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 (5th Cir. 2012).

In support of his motion for reconsideration, Egwumba submitted several new documents which were not in the record when the BIA ruled on his motion to reopen.  The BIA noted the submission was "in the nature of a motion to reopen, which [was] both time and number barred".  The BIA, however, did not expressly re-characterize the motion for reconsideration as a motion to reopen or expressly deny relief on that basis.  Along that line, motions to reopen and for reconsideration "are distinguished primarily by the fact that a motion for reconsideration does not present new evidence to the

No. 15-60385

BIA". *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005). Thus, the BIA correctly disregarded the new evidence submitted in connection with the motion for reconsideration. *Id.* at 301; *see also Milanzi v. Holder*, 397 F. App'x 984, 985–86 (5th Cir. 2010).

On reconsideration, the BIA concluded its prior decision denying Egwumba's motion to reopen was not erroneous because he "ha[d] not provided evidence that he informed his former counsel both of the complaint filed against her and of the contents of the complaint, and provided her with an opportunity to respond". At the time the BIA considered Egwumba's motion to reopen, the only evidence in the record relating to that *Lozada* requirement was: (1) a sworn statement by Egwumba that he filed a bar complaint against his former attorney in June 2013 and that he "notified [his] Bar complaint against [his former attorney] via certified mail return receipt requested to" former counsel's office in Houston, Texas, 77036; (2) a single USPS tracking receipt that reflects a certified mail delivery to Houston zip code 77036; and (3) two complaints—one undated and the other dated August 2013—that Egwumba alleged he filed with the proper bar organization. The record also included an e-mail Egwumba sent to his new attorney on 2 July 2013, regarding his plan to send his bar complaint to his former attorney the following day. Thus, the record evidence failed to show what Egwumba sent to counsel by certified mail, particularly given the discrepancy between the June 2013 complaint described in his affidavit (and evidently referenced in the e-mail) and the undated and August 2013 complaints that he attached.

In the light of the record before the BIA at the time it denied Egwumba's motion to reopen, we cannot conclude the BIA's determination that Egwumba failed to strictly comply with the second *Lozada* requirement was "capricious, irrational, [or] utterly without foundation in the evidence", *Barrios-Cantarero,*

4

No. 15-60385

772 F.3d at 1021, or that the evidence in the record compels a conclusion contrary to the one reached by the BIA, *see Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Egwumba requests his case be remanded to the BIA so he may submit additional evidence under 28 U.S.C. § 2347(c), but we "may not order the taking of additional evidence under [that] section". 8 U.S.C. § 1252(a)(1). Because the BIA did not abuse its discretion in denying the motion to reopen based on Egwumba's failure to satisfy *Lozada*'s second requirement, we need not consider Egwumba's claims pertaining to the other *Lozada* requirements.

DENIED.