# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2020

Lyle W. Cayce
Clerk

No. 19-60374
Summary Calendar

Yessica Yesenia Guerrero-Alfaro,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 448 815

---

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Yessica Yesenia Guerrero-Alfaro, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal of an Immigration Judge's (IJ) denial of: asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), our court reviews legal conclusions *de novo* and factual findings for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Guerrero asserts: the BIA improperly adopted the IJ's finding that no extraordinary circumstances excused the late filing of her application for asylum; her membership in the social group she originally alleged to the IJ was sufficient to establish past persecution; and she is entitled to withholding of removal based on her membership in a newly purported social group. (Guerrero does not contend the BIA erred in rejecting her request for relief under CAT—any such challenge is therefore abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (citation omitted).)

Guerrero does not dispute she untimely filed her application for asylum more than one year after she last entered the United States. *See* 8 U.S.C. § 1158(a)(2)(B). Our court does not have jurisdiction to consider the fact-intensive issue of whether the untimeliness of her application should be excused. *Zhu v. Gonzales*, 493 F.3d 588, 595 (5th Cir. 2007) ("[W]e do not have jurisdiction to review determinations of timeliness that are based on findings of fact").

Regarding Guerrero's withholding of removal claim, she does not challenge the conclusions of the IJ and BIA that the social group she originally alleged to the IJ ("Salvadoran women who feared violence and delinquency in their home country") was not cognizable, and that she failed to show a nexus between any persecution and her group membership. Because she does not dispute the validity or correctness of these conclusions, she has abandoned any claim of error. *See Soadjede*, 324 F.3d at 833.

We lack jurisdiction to consider Guerrero's entitlement to withholding based on her membership in her newly defined social group

("Salvadoran women who, despite their fear, are willing witnesses against their persecutors but have been turned away by police").  An alien must exhaust all administrative remedies available as of right before our court may review a final order.  8 U.S.C. §§ 1252(a)(1), (d)(1).  If an issue is asserted for the first time on appeal to the BIA, it is not properly before the BIA and is unexhausted.  *See Eduard v. Ashcroft*, 379 F.3d 182, 195 n.14 (5th Cir. 2004) (noting that, for the purposes of determining whether a claim was raised to the IJ, "[i]t is irrelevant that Petitioners raised claims for [ ] relief before the BIA"); *see also Milanzi v. Holder*, 397 F. App'x 984, 986 (5th Cir. 2010).  Guerrero did not present her membership in the newly purported social group before the IJ; instead, she raised the issue for the first time on appeal to the BIA.  Accordingly, she did not exhaust administrative remedies.  *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) ("Failure to exhaust an issue creates a jurisdictional bar as to that issue.") (citation omitted).

DISMISSED IN PART and DENIED IN PART.